**J. H. MEADORS, Appellant,**

v.

**Doris BARNHOUSE et al., Appellees.**

**No. 5892.**

Court of Civil Appeals of Texas, Waco.

June 22, 1978.

Rehearing Denied July 20, 1978.

Robert J. Pandak (on appeal only), Cammack, Harrison, Coman, Burns & Pandak, Pasadena, for appellant.

John B. Faulkner, Waco, for appellees.

HALL, Justice.

This appeal is from an order denying appellant relief by bill of review. We affirm the order.

On August 20, 1975, appellees Doris Barnhouse, J. B. Tarver, Inez Ainsworth, Ellis Andrews, William Meadows, Vida Eastep and Leon Tarver filed suit against Louis R. Goodwin and appellant J. H. Meadors to establish the boundaries of the ten-acre Camp Creek Cemetery, in Robertson County. Meadors and Goodwin owned separate tracts adjoining the cemetery premises. Neither filed an answer in the case. Eventually, a surveyor was appointed by the court, and he made a survey establishing the boundaries of the cemetery. Based upon the survey, judgment was rendered by default against Meadors and Goodwin on November 8, 1975, declaring the boundaries of the ten-acre cemetery by metes and bounds description, and ordering Meadors and Goodwin to surrender title and possession of the cemetery premises and remove any fences placed on the property by them.

Meadors did not learn of the judgment until he was served with writ of possession on January 10, 1977. Thereafter, on March 4, 1977, he filed a bill of review to have the judgment set aside and for "general relief." After a hearing without a jury, judgment was rendered denying Meadors any relief under the bill of review. He perfected this appeal from that order.

■ To succeed under a bill of review, a litigant against whom default judgment has been rendered must plead and prove: (1) a meritorious defense to the cause of action upon which the judgment was based, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) without any fault or negligence of his own. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950); *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710 (1961).

To support the necessary element of meritorious defense, Meadors alleged in his petition for bill of review that "he has had the property in question surveyed by a registered professional surveyor and the survey relied upon in the judgment entered against [him] is in conflict; that [he] feels upon a trial of the case the survey he has would be accepted as the correct survey." The proof supporting those allegations was testimony by Meadors that after learning of the default judgment he had a survey made of the properties in question; that his survey conflicts with the survey upon which the judgment is based; that his survey indicates the other survey misplaces a boundary line; and that his survey does not change the amount of acreage in the cemetery (which he agrees contains ten acres) but "shifts the boundary a little bit" so that less of his property is taken. The surveyor who made Meadors's survey was not called to testify, nor was any other. The survey was not offered into evidence, and its field notes for the cemetery boundary lines are not a part of the proof.

■ A bill of review is not to be treated and acted upon as a motion for new trial. Rather, its function and purpose is to proceed to a hearing and determination of the merits of the whole controversy and the rendition of a final judgment in the case. *Wear v. McCallum,* 119 Tex. 473, 33 S.W.2d 723, 725 (1930). *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240, 246 (Tex.Sup.1974). Accordingly, the decisions of our Supreme Court require that on the hearing of the bill of review the issues relating to the movant's negligence and his meritorious defense "be tried together so that the court may render a new final judgment." *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710 (1961).

In *Hanks v. Rosser,* 378 S.W.2d 31, 33 (Tex.Sup.1964), a bill of review proceeding was recognized as an equitable one designed to prevent manifest injustice. But the Court said that "while manifest injustice to the defaulting party is a material consideration, another is the necessity for there being finality to judgments. The litigating parties are entitled to know when the contest is at an end; and others, includ-

ing title examiners and purchasers and sellers of land and interests in land have a need for knowledge as to whether or not litigation involving title to land has been finally concluded."

 It is clear that to establish the meritorious defense required for relief under a bill of review the defaulting defendant is required to offer more than a mere belief or conclusion on his part that the judgment is erroneous. Rather, he must prove facts which would support a determination that the judgment was incorrect and upon which a new final judgment could be rendered in his favor. Meadors did not meet that burden in our case. Although he testified that the surveys differ, there was no evidence that his survey was a correct survey and no evidence that the survey upon which the judgment was based was incorrect; and the particulars of any differences between the surveys are not shown in the record. Without such proof, Meadors did not establish a meritorious defense, and a new judgment favoring his contentions could not have been rendered. Relief was properly denied by the court.

Appellant's remaining complaints are also without merit and are overruled. The judgment is affirmed.