Robert WHORTON, Appellant,

v.

**POINT LOOKOUT WEST, INC., Appellee.**

No. 09–86–236 CV.

Court of Appeals of Texas, Beaumont.

Aug. 27, 1987.

Rehearing Denied Sept. 10, 1987.

Judgment Reversed by Supreme Court, Dec. 2, 1987.

Richard R. Burroughs, Cleveland, for appellant.

Travis E. Kitchens, Jr., Evans and Kitchens, Groveton, for appellee.

OPINION

BURGESS, Justice.

Robert Whorton owned a home located in Point Lookout West Subdivision in San Jacinto County. Point Lookout West, Inc. filed suit against Whorton for alleged violations of the deed restrictions, seeking to enjoin him from directly or indirectly operating a mail-order business from his home. Whorton answered claiming discrimination in singling him out when others were also in violation of the restrictions, alleging that the restrictions had been waived and that the business was incidental to the use of his residence. The trial judge entered the following order, in pertinent part:

"The court after examining the pleadings, hearing the evidence, and noting the argument of counsel, is of the opinion that the Defendant should have Judgement.

"It is accordingly ORDERED, ADJUDGED and DECREED that the Defendant have Judgment and that Plaintiff's petition be denied in all matters.

"It is FURTHER ORDERED that Defendant shall not expand his business at his present location, and, that he is enjoined from hiring additional employees to operate the mail-order business out of his residence.

"It is FURTHER ORDERED that Defendant shall cease from using commercial freight trucks and parcel post trucks for his business operations from his residence after 90 days."

Whorton appeals the latter portion of the order. He alleges the trial court erred in granting the injunction because:

(1) the restrictive covenant does not prohibit the activities carried on by Whorton,

(2) he proved waiver and laches, and

(3) it is an expansion of the restrictions.

The evidence showed that Whorton operated a mail-order business out of his home. Whorton would receive packages by commercial shipper and then would ship small electrical components. The receipt of packages was on an infrequent basis, but the shipping was on a daily basis by United Parcel Service. Whorton testified the business was conducted in his garage by himself, his wife and one employee. Other than the delivery trucks, there was no evidence of any business activity such as outside signs, walk-up customers, parking, etc.

Neither party requested findings of fact and conclusions of law; therefore, all questions of fact are presumed found in support of the trial court's judgment, and the judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). The judgment or order in this case, however, appears to be inconsistent. On the one hand, it denies Point Lookout's petition in all matters. On the other hand, it grants Point Lookout partial injunctive relief. The question thus remains: what legal theory exists that finds support in the evidence? We find no evidence to support Whorton's defense of waiver. There was some evidence that others were operating small businesses in their homes, but no evidence that this was to the level of leading the average man to conclude that the restriction had been waived. *New Jerusalem Baptist Church, Inc. v. City of Houston*, 598 S.W.2d 666 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Nor is there any evidence that the violations were substantial in nature and materially affect-

ed the use of the land for residential purposes. *Stephenson v. Perlitz*, 537 S.W.2d 287 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.). Likewise, there is no evidence to support the defense of laches. Whorton bought his property in late 1984. Point Lookout started their enforcement proceedings by letter in the first part of 1985 and initiated suit in September 1985. This is certainly diligence, and therefore, laches can be no defense.

This leads to the conclusion that the trial court must not have found violations of the deed restrictions, but that the business use by Whorton was incidental to the residential use. There is evidence to support this finding. This finding, however, is not consistent with that portion of the order which enjoins Whorton. We, therefore, sustain Whorton's point of error number one. We affirm that portion of the judgment which denies Point Lookout's relief. We reverse that portion of the judgment which enjoins Whorton and dissolve the injunction.

Having done so, we overrule Point Lookout's cross-point wherein it seeks attorney's fees. For, under *TEX.PROP.CODE ANN. sec. 5.006(a)* (Vernon 1984), the asserting party must prevail in order to be entitled to attorney's fees.

AFFIRMED IN PART, REVERSED AND RENDERED IN PART.

BROOKSHIRE, Justice, dissenting.

This dissent is respectfully filed.

The Majority points out that the trial court strictly ordered Mr. Whorton not to expand his business at his present residential location and that he was enjoined from hiring additional employees to operate his mail-order business out of his residence.

The Majority also, at least impliedly, finds and determines that Whorton was operating a mail-order business out of his home. Please notice that his business is identified and found to be a "mail-order business out of his residence." Please notice also that the trial court ordered Whorton not to "expand his business." The district judge further enjoined him from

"hiring additional employees to operate the mail-order business out of his residence." Very importantly, the district court ordered the defendant Whorton to *"cease from using commercial freight trucks and parcel post trucks for his business operations."* (emphasis added). It should be borne in mind that this is a new subdivision.

Further, the Majority finds that there is "no evidence" to support Whorton's defense of waiver, and that there was no evidence to lead the average man to conclude that the restriction had been waived. Since there was no waiver, there was no probative evidence of laches on the part of the Appellee.

The Majority agrees that Whorton received packages from a commercial shipper and, in turn, actually shipped commercially different electrical components. Whorton's shipping of the components was on a daily basis through a commercial carrier. The Majority even writes:

"The judgment or order in this case, however, appears to be inconsistent."

Indeed, the order and judgment below are inconsistent, to the extent that some of the paragraphs are mutually destructive of others.

Affirmatively, our Court finds that there is simply no evidence to support the defense of laches. I agree. Whorton bought his property in the latter part of 1984 and the Appellee started these enforcement proceedings in the first part of 1985.

The restriction involved is clearly set out in the declaration of restrictions. It very cogently and compellingly prohibits the use of any lot or lots in the subdivision for any use other than "single-family residence purposes."

Under this record, it is abundantly clear, in my opinion, that this restriction was glaringly violated. Certainly, the business activity, as admitted by Whorton and as found by the trial court, could not in law be incidental to a residential use. In fact, it was contrary to residential use. Hence, under this record, Whorton should have been enjoined from engaging in the continuing conduct of his blatantly commercial, business use.

But, in any event, Point Lookout West's cross-point seeking attorney's fees should have been granted. *TEX.PROP.CODE ANN. sec. 5.006(a)* (Vernon 1984), in relevant part, provides:

"In an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim."

It is obvious that the legislature meant this statute to be construed as a mandatory award of a reasonable attorney's fee since it used the words "shall allow to a prevailing party." The cases are legion that "shall" carries with it the definite meaning and sure connotation of being a mandatory command. Certainly, as a practical matter, Point Lookout West, Inc., the Appellee herein, was a prevailing party. Appellee did not win a complete victory, although I think it should have. But it certainly prevailed because the district court ordered the Appellant not to expand his business— note again that the trial court held that Whorton was engaged in business—and that Wharton was also enjoined from hiring additional employees to operate his mail-order business out of his residence. Point Lookout West, Inc., obtained further very important relief for the simple reason that Whorton was ordered to cease using commercial freight trucks and parcel post trucks in his business operation. Hence, a logical and reasonable interpretation of the phrase "prevailing party" as applied here would be that Point Lookout West, Inc., was definitely a prevailing party. A reasonable attorney's fee should have been awarded. Such a reasonable award would be consistent with and supportive of the legislative intent.

It is common knowledge that home owners pay ample, sufficient, if not high consideration for these residential lots. They deserve the protection of this reasonable restriction.