**POINT LOOKOUT WEST, INC., Petitioners,**

v.

**Robert WHORTON, Respondent.**

No. C–6876.

Supreme Court of Texas.

Dec. 2, 1987.

Rehearing Denied Jan. 27, 1988.

Travis E. Kitchens, Jr., Evans & Kitchens, Groveton, for petitioners.

Richard R. Burroughs, Clevelant, for respondent.

PER CURIAM.

Robert Whorton operated a mail-order business from his residence in the Point Lookout West subdivision in San Jacinto County. The owner's association, Point Lookout West, Inc., brought suit to enjoin Whorton from operating his business, asserting that Whorton was in violation of deed restrictions limiting the use of the property to residential purposes only. After a bench trial, the trial court refused to wholly enjoin Whorton from operating his business. However, the trial court ordered Whorton to no longer ship or receive goods at his residence by means of truck lines or parcel post services. Whorton appealed. The court of appeals reversed that portion of the trial court's judgment that enjoined Whorton from shipping and receiving goods at his home, and affirmed the remainder of the judgment. 736 S.W.2d 201. We grant the application for writ of error of Point Lookout West, Inc., and without hearing oral argument reverse the judgment of the court of appeals and remand the cause for further consideration. TEX. R.APP.P. 133(b). The court of appeals' judgment conflicts with this court's decision in *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977).

█ Neither party requested findings of fact and conclusions of law. Therefore, all questions of fact should have been presumed found in support of the judgment, and the judgment affirmed if it could be upheld on any basis. *Lassiter*, 559 S.W.2d at 358. The court of appeals correctly recognized that *Lassiter* set forth the applicable standard of review. Yet, it proceeded to review the trial court's judgment as if it were wholly favorable to Whorton, disregarding the fact that it was *Whorton* who was appealing from a judgment that was in part adverse to him. The conflicting nature of the trial court's judgment evidently caused some confusion as to which party prevailed at trial. However, the mere fact that a judgment is vague or contradictory does not authorize an appellate court to deviate from the appropriate standard of review. The conflict or ambiguity must be resolved, if possible, and the judgment then reviewed under the applicable standard.

█ The opinion of the court of appeals correctly sets forth the pertinent portions of the trial court's judgment. 736 S.W.2d at 201-2. Although the judgment purported to deny all relief to Point Lookout West, Inc., it also reflected the trial court's unequivocable intention to enjoin Whorton from shipping and receiving goods at his residence in the manner proscribed. A judgment should be construed as a whole toward the end of harmonizing and giving effect to all the court has written. *Constance v. Constance*, 544 S.W.2d 659, 660 (Tex.1976). The entire content of the written instrument and the record should be considered. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 405 (Tex.1971).

█ Although Point Lookout requested that Whorton be wholly enjoined from operating his business, the trial court evidently concluded that Whorton could, consistently with the deed restrictions, *store* the goods that he was engaged in selling at his residence. Thus, the trial court denied the relief requested. However, the trial court also apparently found that the ingress and egress of trucks involved an impermissible commercial use of the property, or otherwise violated the restrictions at issue. At the close of the evidence the trial court stated:

All right ... I'm going to find that you are given ninety days to make arrangements so that the Central Freight won't bring the boxes up there ... and enjoin you from operating a business only as to those aspects.

Subsequently, the court added:

The injunction is granted ... you can continue storing things in your garage,

but you can't have UPS coming in there every day or Central Freight bringing them in.

You all prepare a judgment to that effect.

In light of the record, it is clear that the trial court intended to: (1) *deny* Point Lookout's request to wholly enjoin Whorton from operating his business; and (2) *grant* injunctive relief to the extent that it would prevent Whorton from using his home as a shipping and receiving point.

 In the absence of any findings of fact and conclusions of law, it was Whorton's burden as appellant to show that the trial court's judgment was not supported by any legal theory raised by the evidence. *Lassiter.* Further, all facts would be deemed found *against* Whorton and in support of the portion of the judgment from which he appealed. *Id.* In reversing the trial court's judgment, the court of appeals failed to apply this standard of review.

Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded for further consideration consistent with this opinion.