Robert WHORTON, Appellant,

v.

POINT LOOKOUT WEST,
INC., Appellee.

No. 09–86–236 CV.

Court of Appeals of Texas,
Beaumont.

April 21, 1988.

Rehearing Denied May 4, 1988.

Richard R. Burroughs, Cleveland, for appellant.

Travis E. Kitchens, Jr., Evans and Kitchens, Groveton, for appellee.

## OPINION

PER CURIAM.

Robert Whorton operated a mail-order business from his residence in the Point Lookout West Subdivision in San Jacinto County. The owner's association, Point Lookout West, Inc., brought suit to enjoin Whorton from operating his business, asserting that Whorton was in violation of deed restrictions limiting the use of the property to residential purposes only. After a bench trial, the trial court refused to wholly enjoin Whorton from operating his business. However, the trial court ordered Whorton to stop shipping or receiving goods at his residence by means of truck lines or parcel post services. Whorton appealed. This court reversed that portion of the trial court's judgment that enjoined Whorton from shipping and receiving goods at his home, and affirmed the remainder of the judgment. *Whorton v.*

Point Lookout West, Inc., 736 S.W.2d 201 (Tex.App.—Beaumont), *rev'd per curiam,* 742 S.W.2d 277 (Tex.1987). The supreme court granted application for writ of error of Point Lookout West, Inc., and without hearing oral argument reversed the judgment of this court and remanded the cause for further consideration.[1] 742 S.W.2d 277; *TEX.R.APP.P. 133(b).*

■ The supreme court held our judgment conflicted with *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex.1977). Neither party requested findings of fact and conclusions of law. Therefore, all questions of fact should have been presumed found in support of the judgment, and the judgment affirmed if it could be upheld on any basis. *Lassiter,* 559 S.W.2d at 358.

■ Our previous opinion set forth the pertinent portions of the trial court's judgment. *Whorton,* 736 S.W.2d at 201–2. Although the judgment purported to deny all relief to Point Lookout West, Inc., it also reflected the trial court's unequivocal intention to enjoin Whorton from shipping and receiving goods at his residence in the manner prescribed. A judgment should be construed as a whole toward the end of harmonizing and giving effect to all the court has written. *Constance v. Constance,* 544 S.W.2d 659, 660 (Tex.1976). The entire content of the written instrument and the record should be considered. *Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402, 405 (Tex.1971).

■ Although Point Lookout requested that Whorton be wholly enjoined from operating his business, the trial court evidently concluded that Whorton could, consistently with the deed restrictions, *store* the goods that he was engaged in selling at his residence. Thus, the trial court denied the relief requested. However, the trial court also apparently found that the ingress and egress of trucks involved an impermissible commercial use of the property, or otherwise violated the restrictions at issue. In light of the record, it is clear that the trial court intended to: (1) *deny* Point Lookout's request to wholly enjoin Whorton from op-

1. We have literally incorporated much of that opinion into this one.

erating his business; and (2) *grant* injunctive relief to the extent that it would prevent Whorton from using his home as a shipping and receiving point.

■ In the absence of any findings of fact and conclusions of law, it was Whorton's burden as appellant to show that the trial court's judgment was not supported by any legal theory raised by the evidence. *Lassiter*, 559 S.W.2d at 358. Further, all facts would be deemed found *against* Whorton and in support of the portion of the judgment from which he appealed. *Id.*

Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

BROOKSHIRE, Justice, dissenting.

This second dissent is respectfully filed. Reference is here made to a prior dissent. 736 S.W.2d 201 (Tex.App.—Beaumont 1987), reversed per curiam, 742 S.W.2d 277 (Tex.1987). Our Ninth Court's opinion, again, points out that Mr. Whorton had been operating a mail-order business from his residence in the Point Lookout West, Inc., (PLW) Subdivision.

The residential area restrictions specifically provided that no lot shall be used except for a single family residence and our record glaringly demonstrates that the extent of Whorton's business was such that his business required more than a single telephone or a single pickup truck in the operation of his business. Hence, a second violation of the restrictive covenants is proved.

The majority now permits the residence to be used as a place to store the goods that Whorton was engaged in selling at his residence, allowing, in practical effect, Whorton to maintain a warehouse or storehouse. I would hold that such storage of goods amounts to a type of warehousing operation that is clearly contrary to the restrictive covenants. Also, this business of storing goods, or warehousing them, is a business activity and operation beyond the use of a single telephone, or the use of a single pickup truck. Further, by our court holding that Whorton operated a "mail-or-der business from his residence" clearly permits him to conduct a business requiring more than a single telephone or a single pickup delivery truck. This holding is unquestionably a direct violation of the residential area restrictions.

In view of these clear violations and in view of the reliefs granted to Point Lookout West, Inc., I would reiterate my position concerning Point Lookout West's right to obtain a reasonable attorney's fee. *TEX.PROP.CODE ANN. Sec. 5.006(a)* (Vernon 1984). This issue of attorney's fees, in our court, has been properly preserved and presented. I would hold that it is just, equitable and eminently fair to construe *TEX.PROP.CODE ANN. Sec. 5.006(a)* (Vernon 1984) to allow Point Lookout West, Inc., to recover a reasonable attorney's fee, especially in view of the record before us. It should be borne in mind that, in addition to the strong statements made by the trial court from the bench, in favor of Point Lookout West, the bench's formal order recited as follows, to-wit:

"It is FURTHER ORDERED that Defendant [Robert Whorton] *shall not expand his business at his present location, and, that he is enjoined from hiring additional employees to operate the mail-order business out of his residence.*

"It is FURTHER ORDERED that Defendant [Robert Whorton] *shall cease from using commercial freight trucks and parcel post trucks for his business operations from his residence,* after 90 days." (Emphasis added)

This order and the decision below certainly were important victories for Point Lookout West, Inc. It was certainly the prevailing party as to the orders and pronouncements of the trial court. Hence, Point Lookout West should recover its attorney's fee.

Experience teaches that, generally, the history of this classification of litigation is that usually the individual homeowners, in the past, have had to finance expensive and protracted litigation to enjoy the benefits of residential restrictive covenants. It is

**312**

not atypical for a hearing on a temporary restraining order to be conducted. Then, after several continuances, there is an almost full trial on the hearing on the temporary injunction. Usually, an appeal follows. After the appeal, a lengthy and heated trial on the merits is often conducted. These several legal proceedings are exhausting to the small homeowner. The Solons of Texas intended to remedy this horrendous problem by mandating that the prevailing parties recover a reasonable attorney's fee rather than placing this financial burden on the householder. Here, Point Lookout West, Inc., is certainly the prevailing party.