**The STATE of Texas, Appellant,**

v.

**1985 CHEVROLET PICK–UP TRUCK, VIN: 1GCEK14H1FS165672, Appellee.**

**1985 CHEVROLET Z–28, VIN: 1G1FP87FL456879, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–051–CV.**

Court of Appeals of Texas, Beaumont.

Dec. 15, 1988.

Rehearing Denied Jan. 4, 1989.

Richard F. Baker, Port Arthur, for appellant.

Windi Akins, Houston, for appellee.

## OPINION

BURGESS, Justice.

On February 18, 1987, law enforcement officers had a warrant to search 3515 Corley Street, Beaumont, Texas, for controlled substances. The warrant named Michael Thibedeaux as the individual in possession of the controlled substances. The officers began surveillance of the residence when Thibedeaux drove up in a 1985 Chevrolet "Z–28." Thibedeaux went into the residence and left again. The officers followed and stopped Thibedeaux a few blocks away. As Thibedeaux exited the automobile an officer noticed what he thought to be cocaine on the front floorboard. He then searched the car, finding additional cocaine in the form of "rock." They returned to 3515 Corley to execute the search warrant. They found some additional cocaine rocks in the home and seized some cash. They also found some cocaine rock in a 1985 Chevrolet pick-up truck parked in

the back yard. Additional substances, believed to be illegal, were found on Michael Thibedeaux as he was being booked into jail.

The state filed forfeiture actions against the "Z–28," the pick-up truck and the cash. Joann Persley, Thibedeaux's sister, filed an answer as the owner of the "Z–28." Thibedeaux and Windi Akins filed answers as owners of the pick-up truck. Thereafter, the state's motion to consolidate all the forfeiture actions was granted, and on July 8, 1987, a hearing was held. On August 26, 1987, a judgment was entered forfeiting the "Z–28" to the Beaumont Police Department and the pick-up truck to the Department of Public Safety. The judgment awarded all the seized cash to Thibedeaux, Persley and/or Akins.

On September 29, 1987, motions for new trial were filed on behalf of Persley as owner of the "Z–28" and Akins as owner of the pick-up truck. These motions were untimely, having been filed more than thirty days after the signing of the judgment. *TEX.R.CIV.P. 329b.* However, instead of filing a motion under *TEX.R.CIV.P. 306a(4)* which could have extended the time for filing the motions for new trial because of not having received notice of the signing of the judgment, Persley and Akins filed bills of review alleging that notice of the signing of the judgment had only been received on September 28, 1987. Each of these bills of review were filed and docketed under new cause numbers by the district clerk.

 It is at this juncture that the procedural aspects of the cases become clouded. Sometime after the filing of the bills of review, they were "redocketed" or assigned the cause number of the consolidated forfeiture suits. While it is true that an action attacking an original judgment by bill of review must be brought in the same court in which judgment was entered, *Harrell v. Harrell,* 684 S.W.2d 118, 123 (Tex. App.—Corpus Christi, 1984) (on rehearing), *rev'd on other grounds,* 692 S.W.2d 876 (Tex.1985), docketing the bill under the consolidated forfeiture actions was improper since a bill of review is an independent

equitable action brought by a party to a former action seeking to set aside a judgment which is no longer appealable or subject to a motion for new trial. *Blenkle v. Blenkle,* 674 S.W.2d 501, 503 (Tex.App.—El Paso 1984, no writ).

 The trial court then signed an instrument on October 9, 1987, which purported to grant the bills of review and ordered that the motions for new trial should be heard. On November 6, 1987, the court entered an order "granting a new trial" as to the pick-up truck and an order "denying a new trial" as to the "Z–28." This was improper. A bill of review is not to be treated and acted upon as a motion for new trial. Its function and purpose is to proceed to hearing and determination of the merits of the entire controversy and render a final judgment in the case. *Petro–Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240 (Tex.1974); *Meadors v. Barnhouse,* 568 S.W.2d 204, 205 (Tex.Civ. App.—Waco 1978, writ ref'd n.r.e.).

The trial court, on December 30, 1987, entered an "Amended Judgment" bearing the cause number of the consolidated forfeiture causes of action which states, in pertinent part, "... on this the *30th* day of *Dec.,* 1987, came on to be heard the above-entitled and numbered cause ... [T]he Plaintiff, the State of Texas and the Defendants presented evidence to the Court...." The instrument awarded the pick-up truck to Akins, forfeited the "Z–28" to the Beaumont Police Department and returned the cash to Thibedeaux, Persley and/or Akins. The state has appealed the award of the pick-up truck to Akins and Persley has appealed the forfeiture of the "Z–28."

 The state's position regarding the pick-up truck is the trial court had no jurisdiction to enter the "amended judgment." Its argument is not clear. It states, "The trial court granted the Bill of Review and ordered that the Motion for New Trial should be heard, but signed an Amended Judgment after its jurisdiction expired." Apparently the state's position is that while the bills of review had been granted setting aside the judgment of August 26, 1987, no

hearing has been conducted on the merits of the forfeitures and, thus, the instrument of December 30 is not the rendition of a final judgment under the bills of review, but an untimely amendment of the August 26 judgment. This writer previously took a technical position in reviewing judgments in *Whorton v. Point Lookout West, Inc.*, 736 S.W.2d 201 (Tex.App.—Beaumont 1986), *rev'd*, 742 S.W.2d 277 (Tex.1987), *aff'g*, 750 S.W.2d 309 (Tex.App.—Beaumont 1988, writ denied). Our supreme court in reviewing that decision stated:

> A judgment should be construed as a whole toward the end of harmonizing and giving effect to all the court has written. *Constance v. Constance*, 544 S.W.2d 659, 660 (Tex.1976). The entire content of the written instrument and the record should be considered. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 405 (Tex.1971).

742 S.W.2d at 278.

In reviewing the instruments under this standard, we hold the instrument of December 30, 1987, was the rendition of a final judgment under the bills of review. The instrument reflects a hearing was held. There is nothing before us to indicate otherwise. The state's point of error is overruled. The judgment, as to the pick-up truck, is affirmed.

While Persley's point of error is titled insufficiency of the evidence, she argues there is "no evidence" to show that she knew or consented to the vehicle being used in connection with possessing a controlled substance. Since no motion for new trial was filed, we will treat the point of error as a "no evidence" point. *See TEX. R.CIV.P. 324(b)*.

■ Persley advances arguments based upon the evidentiary hearing held in July 1988. No statement of facts from the hearing of December 30 has been filed with this court. Having previously held the December 30 instrument is the rendition of a final judgment under the bills of review, any sufficiency allegations would have to attack the state of the evidence from the December 30 hearing. Since Persley has not furnished any statement of facts from

that hearing, there is nothing to review. Persley's point of error is overruled. The judgment is affirmed.

AFFIRMED.

BROOKSHIRE, Justice, dissenting.

This dissent is respectfully filed. Five separate cases were consolidated by an order of consolidation. All of the cases or causes were consolidated for all purposes under cause number B–126,024. Prior to the order of consolidation, the five cases were numbered and styled thusly:

Cause No. B–126,024 The State of Texas vs. 1985 Chevrolet Pickup VIN: 1GCEK14H1FS165672

Cause No. D–126,025 The State of Texas vs. 1985 Chevrolet VIN: 1G1FP87H3FL456879

Cause No. E–126,026 The State of Texas vs. $1,197.00 in the Currency of the United States of America

Cause No. A–126,027 The State of Texas vs. $912.00 in the Currency of the United States of America

Cause No. B–126,028 The State of Texas vs. $416.00 in the Currency of the United States of America

The order of consolidation was signed and entered May 8, 1987. Thereafter there was a trial on the forfeiture petitions that was held and concluded on July 8, 1987. This July 8, 1987 trial was the only trial or hearing held in this matter. On August 26, 1987 a judgment of "forfeiture" was signed by the trial judge. This judgment of forfeiture was a final judgment in the sense that it could become final and it did become final. The judgment of forfeiture provided that the two vehicles were forfeited as follows:

> "[T]he 1985 Chevrolet Pick–Up is forfeited to the Texas Department of Public Safety, the employer of seizing officer, and the 1985 Chevrolet is forfeited to the Beaumont Police Department, as provided in V.A.C.S. Art. 4476–15, Section 5.07(d)."

The judgment further ordered that the vehicles be released to the Department of Public Safety and the Beaumont Police De-

partment. The currency was awarded as follows:

"One Thousand One Hundred Ninety Seven[ty] [sic] ($1,197) Dollars be returned to Michael Thibedeaux and Joann Persley, or their attorney Windi Akins, Nine Hundred Twelve ($912) Dollars be returned to Michael Thibedeaux or his attorney Windi Akins, Four Hundred Sixteen ($416) Dollars returned to Joann Persley or her attorney Windi Akins."

For more than thirty days after the signing and entry of judgment of forfeiture and for more than thirty days after the district clerk's office had mailed a copy of the final judgment, also known as a judgment of forfeiture, to the Honorable Windi Akins, no action was taken and no motions were filed on behalf of either Michael Thibedeaux, Joann Persley or Ms. Windi Akins.

Then untimely a motion styled a "Motion for New Trial, Motion in Arrest of Judgment and Motion Non Obstante Veredicto" was filed on September 29, 1987.

Apparently acquiescing and realizing that the Motion for New Trial had been filed too late, the Plaintiffs' Original Petitions for Bills of Review were filed on October 8, 1987. In these Bills of Review it was conceded that the Motions for New Trial were not timely filed within the thirty day period, *TEX.R.CIV. P. 329b.* The plaintiffs in the Bills of Review setting forth that they had not received notice that the judgment of forfeiture had been entered. The plaintiffs in the Bills of Review alleged that on the 28th day of September, 1987, the Honorable Windi Akins called the court to see if a judgment had been entered and was advised that a judgment had been entered on August 26, 1987. Thereafter, on November either 5th or 6th, 1987, the trial court entered an order that a new trial would not be conducted in the consolidated case as to the 1985 Chevrolet VIN 1G1FP87H3FL456879.

However, as to the 1985 Chevrolet Pick–Up (as distinguished from the Chevrolet automobile), the 1985 Chevrolet Pick–Up VIN being 1GCEK14H1FS165672, the court agreed that a Motion for New Trial

should be heard. This order was signed October 8, 1987 subsequent to the filing of the Petition for Bill of Review.

The order of October 9, 1987 reveals that no evidence was taken; nevertheless, in the same order the plaintiff's petition for bill of review filed in favor of the attorney, Windi Akins, was granted. It is clear from the record before us that no one of the elements of the equitable bill of review was proved up. Nor did the trial judge have before him either on October 8 or October 9, 1987, any evidence or testimony from which to grant the equitable bill of review. No evidence was presented on the bill of review. And, of course, the time had long since elapsed when the trial court could grant a new trial.

Again without hearing any further evidence an *amended judgment in the consolidated cause was signed and entered on December 30, 1987.* In the December 30, 1987 judgment the 1985 Chevrolet Pick–Up was returned to the "owner." The basic and necessary steps and elements to allow the granting of an equitable bill of review were simply not performed or shown. No evidence was taken after July 8, 1987.

A request was made for the preparation of a complete statement of facts in the consolidated cause. This statement of facts is before us but it demonstrates unquestionably that the only evidence taken, trial or hearing conducted, began and was concluded on July 8, 1987. To invoke the equitable powers of the court the petition for a bill of review must allege factually and with specificity that the prior judgment (being the judgment of forfeiture in this case) was signed and entered as a result of fraud, accident or wrongful act of the opposing party litigant or by some mistake made by an official, which official mistake was unmixed by any negligence of the complainant petitioner filing the petition for an equitable bill of review. There is no extrinsic fraud on the part of the opposite party. There is no evidence of official misconduct. None of these elements were shown or demonstrated by even prima facie proof by any of the complainants. The complain-

ants in the bills of review had a duty to present proof to support the allegation made in the bills of review and the contentions must be set out with particularity. These types of pleading and proofs are necessary to assure that valuable judicial resources will not be wasted. This important step was simply not taken. See *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979). No official misconduct has been shown. In fact, under this record proper official conduct has been shown. The complainant in the bill of review also has the duty, burden and responsibility of showing that his or her right to recovery is not barred as a matter of law or under the rule of procedure. This was simply not done by either of the complainants.

This is correct because the motions for new trial admittedly were filed too late and there was no evidence or testimony taken on the petition for equitable bill of review—either prima facie evidence or other evidence on the merits of the bill of review. The complainant in the bill of review must open and go forward and discharge the burden of proving that the judgment, signed and rendered, was the result of fraud, accident or wrongful act of the opposite party, which is not even alleged here,—or, an official misconduct occurred. Official misconduct was not shown. Nor did the complainant by probative evidence show to the trial court that their acts were unmixed with or untainted by any negligence on their parts. This burden may be a heavy burden but our Supreme Court has determined that this concept and duty should be the rule and the policy, thereby giving meaning to the finality of judgments. *Baker v. Goldsmith,* supra.

Inasmuch as the necessary elements and procedural steps under the bill of review practice were simply not taken, and inasmuch as the complainants under the bills of review did not discharge their burdens, the judgment of forfeiture entered August 26, 1987, became final and it could not be later amended by the trial court on December 30, 1987. The reason being simply and succinctly that the trial court had no jurisdiction to enter such an attempted amended judgment on December 30, 1987.

An additional basis for showing that the trial court had no jurisdiction to amend its August 26, 1987 judgment by an unauthorized action on December 30, 1987, is shown by *TEX.R.CIV.P.. 329b(f)* providing in substance that after the expiration of the time within which the trial court had plenary power, a judgment cannot be set aside except by the bill of review. The attempted action by the trial court on December 30, 1987, was obviously not an attempt to correct a mere clerical error. Hence, the 1985 Chevrolet Pick–Up must be awarded and forfeited to the Texas Department of Public Safety.

The amended judgment attempted a continuation of the trial court's expired plenary powers. This record clearly indicates that the trial court signed the first judgment on August 26, 1987, and signed the amended judgment on December 30, 1987. This period between the two "judgments" was greatly more than 30 days which Rule 329b allowed.

A Bill of Review proceeding is to set aside a former judgment and not amend same. *TEX.R.CIV.P. 301* clearly states that only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law. The purpose of the Bill of Review is to have but one final and complete judgment—not a judgment and a much later amendment. No hearing was held on December 30, 1987.

A Bill of Review shall not take the place of a Motion for New Trial. See *Dixon v. McNabb,* 173 S.W.2d 228 (Tex.Civ.App.—Dallas 1943, writ ref'd). A Bill of Review is an equitable action which is a separate and independent proceeding. Since the majority declines to do so, this dissenting opinion is respectfully filed.