11th Court of Appeals








11th Court
of Appeals

Eastland,
Texas

Opinion

 

Curt Fullwood

Appellant

Vs.                   No.
11-01-00186-CV B Appeal from Nolan County

Eugene Fullwood, Executor
of the Estate of Irene Fullwood

Appellee

 

Eugene
Fullwood, Executor of the Estate of Irene Fullwood, filed suit to recover money
owed to the Estate.  The money at issue
is claimed to have been loaned to Curt Fullwood, Irene=s grandson, for the purchase of a used
truck.  At a bench trial, the trial
court granted judgment for the Estate with prejudgment and post-judgment
interest and attorney=s
fees. 

Appellant
urges in seven points of error that the evidence is not sufficient to support
the verdict.  The points of error are as
follows:  (1) there is no evidence to
support the judgment; (2) there is no evidence that any debt existed; (3) the
trial court=s implied findings are so against the great
weight and preponderance of the evidence as to be manifestly unjust; (4) the
trial court=s implied finding that any debt existed is so
against the great weight and preponderance of the evidence as to be manifestly
unjust; (5) there is no evidence of the amount of indebtedness, if any, of the
defendant; (6) there is insufficient evidence of the amount of indebtedness, if
any, of the defendant; and (7) the trial court=s finding about the amount of the indebtedness is so against the great
weight and preponderance of the evidence as to be manifestly unjust.  








In a
nonjury trial where findings of fact and conclusions of law are not requested
and none are filed, the judgment of the trial court must be affirmed if it can
be upheld on any legal theory that finds its support in the evidence.  Point Lookout West, Inc. v. Whorton, 742
S.W.2d 277, 278 (Tex. 1987); Lassiter v. Bliss, 559 S.W.2d 353, 356 (Tex.1977).
When this occurs, the trial court=s judgment implies that all necessary fact findings were made by the
court in support of the judgment.  Point
Lookout West, Inc. v. Whorton, supra at 278. 
To determine if there is any evidence to support the judgment and the
implied findings of fact incident thereto, the appellate court can consider
only the evidence that is most favorable to the issue and must disregard
entirely that which is opposed to it. 
Point Lookout West, Inc. v. Whorton, supra at 278. 

No
documents were admitted at trial.  We
have carefully reviewed the record, but there is no evidence of the material
terms of the alleged loan. 
Consequently, the judgment is not supported by legally sufficient
evidence. We reverse and remand.

Jon
Bergstrom, a broker with Edward Jones in Sweetwater, testified that he prepared
an amortization schedule titled AIrene FullwoodBGrandson
Loan.@  The
amortization schedule is included in the original petition as an attachment to
Eugene=s affidavit. 
Bergstrom testified that Irene borrowed against her assets and that she
specifically requested that this transaction be a loan rather than a gift.  Bergstrom said that Irene wanted something
in writing so that there was a schedule of payments.  Eugene testified at trial that the amortization schedule showed
monies due and owing to the Estate. 

Curt
Fullwood, acting pro se, testified at trial that he was the grandson referred
to in the amortization schedule.  He
also testified that Irene bought him a truck for $22,365 on August 27, 1999,
and that he paid her $500 on or about October 1, 1999.  Additionally, the words A[p]aid up@ were written in Irene=s handwriting next to the second payment due on the amortization schedule.
Curt testified that he did not know what Irene did with the money he gave her
because he had borrowed money from her previously and she might have put the
money toward another debt.  He testified
that, on other occasions when he borrowed money from Irene, there was never
anything signed other than the check she signed over to him. 

The
amortization schedule purported to contain information regarding payment due
dates, amounts, an interest rate, and the total amount of the loan.  Through inadvertence, the amortization
schedule from which Bergstrom testified was never introduced into evidence, and
there is no testimony concerning the terms of the loan.  The interest rate for the loan was not
mentioned at trial. 








A loan is
a contract.  Shaw v. McShane, 50 S.W.2d
278, 281 (Tex. Comm=n App.
1932, judgment adopted).  To be legally
binding, a contract must be sufficiently definite in its terms so that a court
can understand what the promissor undertook. 
T.O. Stanley Boot Co., Inc. v. Bank of El Paso, 847 S.W.2d 218, 221
(Tex.1992).  In a contract to loan
money, the material terms generally are: 
the amount to be loaned, maturity date of the loan, the interest rate,
and the repayment terms.  T.O. Stanley
Boot Co., Inc. v. Bank of El Paso, supra at 221.  Because there is no evidence of the material terms of the alleged
loan contract, there is insufficient evidence to support the judgment.  Without the details of the terms of the
loan, the evidence is insufficient to support the judgment.

When a
case has not been fully developed, a reversal and remand for retrial is
permitted in the interest of justice. Jackson v. Hall, 214 S.W.2d 458, 459
(Tex.1948); Butt v. Gonzalez, 646 S.W.2d 584, 586 (Tex.App. - San Antonio 1983,
no writ).  If a court of appeals
determines that the judgment of the trial court is not supported by the
evidence or that the evidence in support thereof is insufficient, its judgment
should be one of remand and not one of rendition unless it appears that the facts
were fully developed at the trial appealed from.  Butt v. Gonzalez, supra at 586. 
Here, the evidence was not fully developed.  When reversing a trial court=s judgment, the court must render the judgment that the trial court
should have rendered except when the interests of justice require a remand for
another trial.   TEX.R.APP.P. 43.3(b).

Because
there is no evidence to support the judgment, we sustain Point of Error No.
1.  Consequently, we do not reach
appellant=s other points of error.

We reverse
the judgment of the trial court and remand this case for a new trial.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

December 20, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.