Opinion issued May 25, 2006

 















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00670-CV




PYE’S AUTO SALES, INC., AND SIDNEY T. PYE III, A/K/A SIDNEY PYE,
Appellants

V.

GULF STATES FINANCE COMPANY, Appellee




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2003–49589




MEMORANDUM OPINION
          Appellants, Pye’s Auto Sales, Inc. (“Pye’s Auto”) and Sidney T. Pye III, appeal
from the judgment of the trial court for appellee, Gulf States Finance Company (“Gulf
States”). Appellants present four issues on appeal. They argue that the trial court
erred (1) in rendering its judgment against Sidney Pye III in his individual capacity
because the evidence is legally insufficient to show that Pye’s Auto was used for the
purpose of committing actual fraud for his direct personal benefit; (2) in rendering
judgment against Pye’s Auto because the evidence is legally insufficient to show that
Sidney Pye IV had actual or apparent authority to sign agreements on its behalf, or
alternatively, (3) in rendering judgment against Pye’s Auto because the evidence is
legally insufficient to show that Pye’s Auto ratified the contract with Gulf States; and
(4) in rendering a defective, ambiguous judgment, thus making it unduly difficult to
determine the pecuniary obligations imposed by it. 
          For the reasons that follow, we reverse in part, affirm in part, and render
judgment that Gulf States take nothing against Sidney Pye III in his individual
capacity.
BACKGROUND
          Pye’s Auto entered into an agreement with Gulf States that the latter would
finance a line of credit for Pye’s Auto’s customers who wished to purchase an
automobile. In the event that a vehicle had to be repossessed, the contract required
that Pye’s Auto would be obligated to pay Gulf States “the full amount charged by
[Pye’s Auto] to the applicable [customer] for any extended warranty, mechanical
breakdown or comparable program and the unearned portion of any credit insurance
that relates to the particular Contract . . . .” The agreement was signed by Sidney Pye
IV individually, appellant’s son.
          Gulf States filed suit alleging that Pye’s Auto had breached the contract after
Pye’s Auto refused to pay the amount Gulf States alleged it owed them for various
extended service contracts on repossessed vehicles. Gulf States requested that the
trial court order Pye’s Auto and Sidney Pye III to pay $268,056.92 for the extended
service contracts and $8,617.88 for tax, title, and license fees that Gulf States had
paid on the vehicles. It further asked the trial court to pierce Pye’s Auto’s corporate
veil and to hold Sidney Pye III individually liable under the “alter ego theory,”
arguing that there was true unity of identity between Pye’s Auto and Sidney Pye III. 
Appellants’ reply contended that Sidney Pye III, individually, was a stranger to the
transaction and therefore could not be held liable in his individual capacity because
(1) he was unaware of and did not sign the contract between Pye’s Auto and Gulf
States and (2) when he was made aware “that there was money running through [his]
account from Gulf States” he called them and told them to stop depositing money into
Pye’s Auto’s account.
          A bench trial was held and the trial court rendered judgment in favor of Gulf
States, finding that it was entitled to recover from Pye’s Auto in the total amount of
$276,674.77. The trial court further found that Sidney Pye III was jointly and
severally liable for $172,551.18 of the above amount.
LEGAL SUFFICIENCY
          Appellant’s first three “arguments on appeal”assert that the evidence is legally
insufficient. “The final test for legal sufficiency must always be whether the evidence
at trial would enable reasonable and fair-minded people to reach the verdict under
review.” City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). “[L]egal-sufficiency review in the proper light must credit favorable evidence if reasonable
jurors could, and disregard contrary evidence unless reasonable jurors could not.” Id.
at 827. The same applies to bench trials where the fact finder is the trial court.
          When reviewing a no-evidence point of error,“all the record evidence must be
considered in the light most favorable to the party in whose favor the verdict has been
rendered, and every reasonable inference deducible from the evidence is to be
indulged in that party's favor.” Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997). “Anything more than a scintilla of evidence is legally
sufficient to support the finding.” Formosa Plastics Corp. v. Presidio Eng’rs &
Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998).  
          There were no findings of fact and conclusions of law included in the record,
nor were any requested. Therefore, all necessary finding of fact to support the
judgment of the trial court are implied. Holt Atherton Indus. v. Heine, 835 S.W.2d
80, 83 (Tex. 1992) (holding that in determining whether there is some evidence to
support the judgment, reviewing court considers only evidence favorable to
judgment). 
          The reporter’s record in this case was filed, therefore the legal sufficiency of
the implied finding may be challenged on appeal “the same way as jury findings or
a trial court’s findings of fact.” Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex.
1989) (per curiam). The standard of review is the same as when we review jury
findings or a trial court’s findings of fact: when the implied findings of fact are
supported by the evidence, the appellate court must uphold the judgment on any
theory of law applicable to the case. Point Lookout W., Inc. v. Whorton, 742 S.W.2d
277, 278 (Tex. 1987).
Piercing the Corporate Veil
          Appellant’s first “argument on appeal”is that the trial court erred in granting
judgment against Sidney Pye III, because the evidence is legally insufficient to show
that Pye, in his individual capacity, used Pye’s Auto for the purpose of committing
actual fraud for his direct personal benefit.
          Article 2.21 of the Texas Business Corporation Act states in relevant part:
A. A holder of shares . . . [or] . . . an owner of any beneficial
interest in shares . . . shall be under no obligation to the corporation or
to its obligees with respect to:
                              . . .
 
(2) any contractual obligation of the corporation or any
matter relating to or arising from the obligation on the basis that
the holder . . . [or] . . . owner . . . is or was the alter ego of the
corporation, or on the basis of actual fraud or constructive fraud,
a sham to perpetrate, a fraud, or other similar theory, unless the
obligee demonstrates that the holder, owner, subscriber, or
affiliate caused the corporation to be used for the purpose of
perpetrating and did perpetrate an actual fraud on the obligee
primarily for the direct personal benefit of the holder . . . .

Tex. Bus. Corp. Act Ann. art. 2.21 § A(2) (Vernon 2003).


 Thus, imposition of
liability on a corporate shareholder for the contractual obligation of the corporation
on an alter ego or similar theory requires proof that the shareholder (1) caused the
corporation to be used for the purpose of perpetrating and (2) did perpetrate an actual
fraud on the contractual obligee primarily for the direct personal benefit of the
shareholder. Id.
          Gulf States first argues that it need only show that there was true unity between
Sidney Pye III and Pye’s Auto to pierce the corporate veil under the alter ego theory. 
However, for all matters covered by this provision, the corporate veil may not be
pierced absent a showing of actual fraud. Menetti v. Chavers, 974 S.W.2d 168, 174
(Tex. App.—San Antonio 1998, no pet.). Even if the plaintiff convinces the fact
finder that the alter ego theory is applicable under the facts, there is no liability in a
contract case under the statute without a finding of actual fraud. Huff v. Harrell, 941
S.W.2d 168, 174 (Tex. App.—Corpus Christi 1996, pet. denied).
          Actual fraud in the corporate-veil context involves “dishonesty of purpose or
intent to deceive.” Castleberry v. Branscum, 721 S.W.2d 270, 273 (Tex. 1986). A
fraud cause of action requires a material misrepresentation, which was false, and
which was either known to be false when made or was asserted without knowledge
of its truth, which was intended to be acted upon, which was relied upon, and which
caused injury. Formosa Plastics, 960 S.W.2d at 48.
          Gulf States points to no evidence of any of the elements of actual fraud, nor
does it argue that there is any. Furthermore, we find none in the record. Because the
record is devoid of any evidence of actual fraud on the part of Sidney Pye III, we hold
that the trial court erred in rendering judgment that he was liable in his individual
capacity to Gulf States. Accordingly, we sustain appellants’ first point of error. 
Agency & Ratification
          In their second and third “arguments on appeal,” appellants assert that the
evidence is legally insufficient to establish that Sidney’s son, Sidney Pye IV—the
signatory of the contract between Pye’s Auto and Gulf States—had actual or apparent
authority to enter into a contractual relationship on behalf of Pye’s Auto, or,
alternatively, that the evidence is legally insufficient to establish that Pye’s Auto
ratified the contract after learning of its existence.
          Actual authority is created through conduct of the principal communicated to
the agent. Suarez v. Jordan, 35 S.W.3d 268, 272–73 (Tex. App.—Houston [14th
Dist.] 2000, no pet.). Actual authority denotes authority that the principal
intentionally confers upon the agent, or intentionally allows the agent to believe he
has, or by want of ordinary care allows the agent to believe himself to possess. Id. 
Gulf States points to no evidence in the record that Sidney Pye IV had actual
authority, nor do they make any argument to such effect. Moreover, we can find no
evidence in the record that Sidney Pye IV had actual authority. Therefore, the
evidence is legally insufficient to establish that Sidney Pye IV had actual authority. 
          To establish apparent authority, one must show that a principal either
knowingly permitted an agent to hold itself out as having authority or showed such
lack of ordinary care as to clothe the agent with indicia of authority. Nations Bank,
N.A. v. Dilling, 922 S.W.2d 950, 952-53 (Tex. 1996). A court may consider only the
conduct of the principal leading a third party to believe that the agent has authority
in determining whether an agent has apparent authority. Id.; see also Southwest Title
Ins. Co. v. Northland Bldg. Corp., 552 S.W.2d 425, 428 (Tex.1977). 
          None of the witnesses testified that they had any knowledge of the
circumstances surrounding the contract between the two parties, and Gulf States can
only call into service the argument that, because Jerry Pye, Sidney III’s wife, wrote
many of the checks for Pye’s Auto, this would signal to a third party that Sidney’s son
had concomitant authority. We reject this argument—there is no reason for a third
party to believe that because one’s wife has actual or apparent authority, all relatives
are imbued with that same authority. We conclude that the evidence is legally
insufficient to establish that Pye’s Auto’s conduct was such that it led Gulf States to
believe that Pye’s son had the authority to enter into a contractual relationship with
Gulf States. Accordingly, we overrule appellant’s second point of error.
           However, we must also consider whether Pye’s Auto ratified the contract.
“Ratification of an unauthorized act may be express or it may be implied from a
course of conduct.” Petroleum Anchor Equip. v. Tyra, 419 S.W.2d 829, 834 (Tex.
1967). Here, Sidney Pye III, testified that once he discovered that Gulf States was
depositing money into a Pye’s Auto account, he called them and told them to cease;
however, he testified that the money continued to be placed into his account and he
took no further action (other than phone calls which he knew at that point to be
ineffectual) to stop the influx of money. This conduct is some evidence that Pye’s
Auto ratified the contract. Therefore, we do conclude that the evidence is legally
sufficient to uphold the implied findings of fact under the ratification theory.
Accordingly, we overrule appellants’ third point of error.
THE JUDGMENT
          Appellants’ fourth point of error is that the judgment of the trial court (1)
contains ambiguities so great as to render it unenforceable and (2) moreover, these
errors are so structural that they cannot be construed as mere clerical error, thereby
precluding correction via judgment nunc pro tunc. 
          Because we above held that the trial court erred in entering judgment against
Sidney in his individual capacity, we only examine that portion of the judgment as it
pertains to Pye’s Auto. 
          The judgment reads in relevant part:
The Court, after hearing the evidence and arguments of counsel,
is of the opinion that the Plaintiff is entitled to recover of and from Pye’s
Auto Sales, Inc. the sum of $276,674.77 from Pye’s Auto Sales, Inc. . . .
plus attorney’s fees of $7,500.00; accordingly, it is
 
Ordered, Adjudged, and Decreed that Plaintiff, Gulf States
Finance Company recover of and from Pye’s Auto Sales, Inc. . . . the
sum of $172,551.18 plus interest at the rate of five percent from August
29, 2003 (the date this suit was filed) until this date; it is further
 
Ordered, Adjudged and Decreed that Plaintiff, Gulf States Finance
Company, recover an additional $104,123.59 from Pye’s Auto Sales,
Inc., plus interest at the rate of five percent from August 29, 2003 to this
date. This amount is in addition to the amount ordered in the preceding
paragraph; it is further
 
Ordered, Adjudged and Decreed that Plaintiff, Gulf States Finance
Company, recover from Pye’s Auto Sales, Inc. attorney’s fees in the sum
of $7,500.00 for services rendered through the trial of this case . . . .

          We fail to see how this judgment is so ambiguous as to be unenforceable. It
is manifest that the first paragraph, when read in conjunction with following three
decretal paragraphs, delineates that the total amount recoverable from Pye’s Auto by
Gulf States is $276,674.77 (in addition to the $7,500.00 in attorneys fees) with Sidney
Pye III jointly and severally liable for $172,551.18. The decretal paragraphs are
unambiguous and enforceable. Therefore, we overrule appellants’ fourth argument
on appeal. However, given that we have held that Sidney is not liable in his
individual capacity, we reform the judgment accordingly.
CONCLUSION
          As to Sidney in his individual capacity, we reverse the trial court’s judgment
holding him individually liable for the amount of $172,551.18 and render judgment
that Gulf States take nothing as to Sidney in his individual capacity. We affirm the
remaining portion of the trial court’s judgment.
 

                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Taft and Nuchia.

Do not publish. Tex. R. App. P. 47.2(b).