**Opinion issued November 26, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01057-CV

———————————

**TIM S. LEONARD, Appellant**

**V.**

**STEPHEN M. BREWER AND BW OFFICE PARTNERS I, LP, Appellees**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1005431**

---

## MEMORANDUM OPINION

Tim Leonard sued Stephen Brewer and BW Office Partners I, LP for an

unpaid debt. After a bench trial, the trial court entered judgment against Brewer

and BW, apportioning damages between them. Leonard appeals, contending that

the trial court erred in apportioning damages. We agree. We thus modify the award and affirm as modified.

## Background

In August 2009, Brewer executed a promissory note on behalf of BW Office Partners, payable to Leonard in the amount of $5000 plus interest. Brewer signed the note as a "General Partner" of BW. The note stated that BW would repay the loan upon BW's sale of a piece of real property. In November 2009, BW sold the property. Neither BW nor Brewer, however, repaid Leonard. In April 2010, Brewer sent Leonard an email, stating that he was "personally commit[ted]" to repaying [Leonard] for [his] contribution." In December 2011, Leonard sued Brewer and BW for the unpaid debt. In its final judgment, the trial court held that both Brewer and BW were liable but apportioned damages between them rather than imposing joint and several liability. Leonard moved to amend and modify the judgment. The trial court never ruled on the motion; thus it was overruled by operation of law. *See* TEX. R. CIV. PROC. 329b(c).

## Discussion

As an initial matter, we note that Brewer and BW have not filed a brief to contest Leonard's challenge to the judgment.

2

*Standard of Review*

Whether the trial court erred in applying an improper measure of damages is a question of law subject to de novo review. *C.C. Carlton Indus., Ltd. v. Blanchard*, 311 S.W.3d 654, 662 (Tex. App.—Austin 2010, no pet.). When a trial court does not issue findings of fact and conclusions of law, all facts necessary to support the judgment and supported by the evidence are implied. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). It is the appellant's burden to show that the trial court's judgment cannot be supported by any legal theory raised by the evidence. *Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 279 (Tex. 1987); *Nash v. Garden City Apts.*, No. 01-10-00369-CV, 2011 WL 2410205, at *2 (Tex. App.—Houston [1st Dist.] Jun. 9, 2011, no pet.) (mem. op.).

*Analysis*

The trial court held that both Brewer and BW were liable to Leonard for the unpaid debt but divided the damages between them. In light of the record, the trial court reasonably could have found that (1) Brewer was a general partner of BW, (2) Brewer represented to Leonard that he was a general partner of BW and Leonard relied on that representation in extending credit in good faith, or (3) Brewer personally guaranteed BW's loan. But the record is bereft of support for apportioning the damages. Under any theory of recovery supported by the record, Brewer and BW are jointly and severally liable for the unpaid debt.

3

First, if the trial court found that Brewer was a general partner of BW, then Brewer is jointly and severally liable for BW's obligations which he undertook as a general partner. *See* TEX. BUS. ORGS. CODE ANN. § 152.304(a) (West 2012). Second, if the trial court found that Brewer represented to Leonard that he was a general partner of BW and Leonard relied on that representation in extending credit in good faith, then Brewer is liable as though he were a partner under the partnership by estoppel doctrine. *See Friedman v. New Westbury Vill. Assocs.*, 787 S.W.2d 154, 158 (Tex. App.—Houston [1st Dist.] 1990, no writ) ("[A] person is liable as though she were an actual member of the partnership, where she represents herself to be a partner in an existing partnership, and another party has extended money in good faith on the basis of the representation."). Under this estoppel theory, Brewer would be jointly and severally liable for the unpaid debt. *See* TEX. BUS. ORGS. CODE ANN. § 152.304(a) (West 2012). Finally, if the trial court found that Brewer personally guaranteed payment of BW's loan in his email to Leonard, then Brewer's liability for the unpaid debt extends as far as BW's liability. *See W. Bank–Downtown v. Carline*, 757 S.W.2d 111, 113 (Tex. App.—Houston [1st Dist.] 1988, writ ref'd) ("A guarantor's liability on a debt is measured by the principal's liability unless a more extensive or more limited liability is expressly set forth in the guaranty agreement."); *Estate of Todd v. Int'l Bank of Commerce*, No. 01-12-00742-CV, 2013 WL 1694937, at *4 (Tex. App.—Houston

4

[1st Dist.] Apr. 18, 2013, pet. filed) (mem. op.). As a guarantor, Brewer would be jointly and severally liable for the unpaid debt. Under any of these three theories of recovery supported by the record, Brewer and BW are jointly and severally liable for the unpaid debt. Accordingly, we hold that the trial court erred in apportioning the damages.

## Conclusion

Because Brewer and BW are jointly and severally liable for the full amount of the trial court's award (principal, interest, attorney's fees, and court costs), we modify the judgment to include joint and several liability and affirm as modified.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.