In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00388-CV

_____

IN THE INTEREST OF SHAWN LEE MUSE

On Appeal from the County Court at Law No. 3
Montgomery County, Texas
Trial Cause No. 17-08-09367-CV

## MEMORANDUM OPINION

Shawn Lee Muse has appealed the trial court's denial of Muse's petition for a change of name. *See* Tex. Fam. Code Ann. §§ 45.101–.106 (West 2014); § 45.107 (West Supp. 2017). We affirm the trial court's order.

In the hearing on his petition to change his name, Muse testified, "Title 28 gives me authority to change my name." The hearing was recessed to provide Muse with an opportunity to prepare to establish the elements for a name change by an adult. The trial court reopened the hearing one week later. To support his request for a name change, Muse explained, "Nobody spells their name in all caps." The trial

1

court noted that a report from the Department of Public Safety reflected that Muse's criminal history included a class B misdemeanor charge for possession of marijuana and a class B theft. Muse stated that he could not recall being charged with theft. Muse told the court that he wanted his first name to be "Lord Shawn-Lee House of Muse," and he did not want a middle name or a surname. Muse stated that a name change would be in the community's interest because, "I will no longer be contributing to the public debt in operating a bankruptcy." The trial court noted that it would be very confusing for law enforcement and government for Muse to have a six-word long first name and no surname.

Muse's unverified petition failed to comply with the statute. *See id.* § 45.102(a). Additionally, Muse did not request findings of fact and conclusions of law. *See generally* Tex. R. Civ. P. 296. When no findings of fact and conclusions of law appear in the record, and none were requested, all questions of fact are presumed to have been found in support of the judgment. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987). We will affirm the trial court's judgment if it could be upheld on the basis of any legal theory supported by the record. *Id.*

In his appeal, Muse complains that the trial court was not satisfied with his reasoning, and the ruling was based on the personal belief of the judge.[1] Subject to exceptions not at issue here, the Family Code states that the trial court shall order a change of name for an adult "if the change is in the interest or to the benefit of the petitioner and in the interest of the public." Tex. Fam. Code Ann. § 45.103(a). A change of name has no effect on rights and liabilities of the person under the previous name. *Id.* § 45.104.

In this case, in two attempts Muse was unable to articulate a coherent reason to change his name. Under these circumstances, the trial court could conclude that the change would not be in the interest of Muse or the public. *See id.* § 45.103(a). The trial court's judgment is affirmed.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 20, 2018
Opinion Delivered March 1, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[1] Muse presents no supporting argument or authority in his brief. *See* Tex. R. App. P. 38.1(i). Because we are able to resolve the complaint Muse presents in his appeal, we decline to require additional briefing. *See id.*