NO. 07-99-0430-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 18, 2000

______________________________

IN THE INTEREST OF EMILIO MUNIZ, JOE JUAREZ,

MIRANDA JUAREZ AND ROGELIO JURAEZ

_________________________________

FROM THE 286TH
 DISTRICT COURT OF HOCKLEY COUNTY;

NO. 94-12-16,006; HONORABLE ANDY KUPPER, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Mary Juarez appeals from a judgment terminating her parental rights to four of her children.  By four issues she challenges the evidentiary sufficiency for the trial court’s findings that (1) it was in the best interest of the children to terminate her parental rights and (2) she engaged in conduct which would support termination of her parental rights under specific sections of section 161.001(1) of the Texas Family Code.  We affirm. 

BACKGROUND

In December, 1994, the Texas Department of Protective and Regulatory Services (the Department) received a report that children were being neglected.  The Department responded to the report and found that Emilio Muniz, Joe Juarez, Miranda Juarez, and Rogelio Juarez (collectively, “the children”), minor children of appellant Mary Juarez, had apparently been abandoned by appellant.  The report received by the Department in 1994 was that the children had been left alone in a van at the house of appellant’s aunt, who discovered them, and that appellant told another relative that appellant had no intention of returning to take possession of the children.  Appellant testified at the termination hearing in August, 1999, that she did not leave the children in a van at her aunt’s house, but rather, left them with two cousins: one a male who was 19 to 20 years old, and another who was a female approximately 12 years old.  She left her children by having her cousins drive her and her children to the house of a friend of appellant’s, where appellant had her children and cousins wait in the van while she went inside.  Appellant then departed the house through a back door, did not tell her cousins or children that she was leaving, did not return to the van or her children, did not tell anyone where she was going, nor did she tell anyone when she would return.    

Following an investigation, the Department initiated a suit in the 286th
 District Court of Hockley County (the trial court) seeking temporary managing conservatorship of the children.  On December 27, 1994, the Department was appointed temporary managing conservator of the four children.  Over the ensuing years the Department remained involved with the children and appellant.  The children were initially placed in emergency shelters under supervision of the Department.  Eventually the children were placed in group and foster homes in structured, supervised environments, where their conduct and social skills improved.  The Department assisted appellant in entering addiction-recovery  programs and counseling programs.       

Appellant’s life from December, 1994, until the termination hearing in August, 1999, was interlaced with periods of illegal drug usage, alcohol abuse, incarcerations in jail for various reasons, living on the streets and in city parks without a home, engaging in prostitution, and disappearances for extended periods of time.  The Department scheduled visits between appellant and the children on a weekly basis.  Appellant’s visitations with the children, however, were minimal, sporadic, and resulted in behavioral problems on behalf of the children when she did visit.  On many scheduled visitation dates she would simply not appear. 

In March, 1998, the Department filed a petition to terminate the parental rights of appellant pursuant to 
Tex. Fam. Code Ann
. § 161.001(Vernon Supp. 2000).
(footnote: 1)  The suit also sought to terminate the parental rights of Rogelio Juarez and Alfonso Carbona,
(footnote: 2) the fathers of the children.  A non-jury trial was held on August 12, 1999.  The trial court found that the allegations made against appellant and each of the fathers of the children were proved by clear and convincing evidence.  Findings of fact and conclusions of law were neither requested nor filed.  An order terminating the parental rights of appellant and the fathers was signed and filed on August 18, 1999.  Only appellant has appealed from the order of termination.  

Appellant challenges the sufficiency of the evidence
(footnote: 3) to support the trial court findings, as reflected in its ruling from the bench and as set out in its order of termination, that she (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children;
(footnote: 4) (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children;
(footnote: 5) and (3) failed to support the children in accordance with the parent’s ability during a period of one year ending within six months of the date of the filing of the petition.
(footnote: 6)  She also challenges the finding that it is in the children’s best interest that the parent-child relationship be terminated.
(footnote: 7)  We disagree with appellant’s challenges.  

LAW

In order to terminate the parent-child relationship, the trial court must find by clear and convincing evidence that the parent committed one of the acts or omissions set out in Section 161.001(1) of the Family Code, and that termination is in the best interest of the child.  
See
 Section 161.001(1), (2).  The natural right which exists between parents and their children is one of constitutional dimensions.  
Wiley v. Spratlan
, 543 S.W.2d 349, 352 (Tex. 1976).  Consequently, termination proceedings must be strictly scrutinized.  
See
 
In the Interest of G.M.
, 596 S.W.2d 846, 846 (Tex. 1980).  A strong presumption exists that the best interest of the child is usually served by maintaining the parent-child relationship.  
Id
. at 847.  Due process requires the petitioner to justify termination by clear and convincing evidence.  
Id
.; 
see
 
also
 Section 161.001.  Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of allegations sought to be established.  
In the Interest of G.M.
, 596 S.W.2d at 847.  

The clear and convincing standard of proof does not alter rules generally applicable when appellate courts review the sufficiency of the trial court’s fact findings.  
See
 
In the Interest of R.D.S.
, 902 S.W.2d 714, 716 (Tex.App.--Amarillo 1995, no writ). When presented with legal and factual sufficiency challenges, the reviewing court first reviews the legal sufficiency of the evidence.  
Glover v. Texas Gen. Indem. Co.
, 619 S.W.2d 400, 401 (Tex.1981) (per curiam).  In reviewing legal sufficiency of the evidence on a matter for which the appellant did not have the burden of proof, an appellate court considers only the evidence and inferences that tend to support the finding, ignoring all evidence and inferences to the contrary.  
Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex.1996).  If there is any evidence of probative force to support the finding, the issue must be overruled.  
Id.
  In reviewing the factual sufficiency of the evidence, we must consider all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  
See
 
Cain v. Bain
, 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

In a non-jury trial, where findings of fact and conclusions of law are neither filed nor requested, it is implied that the trial court made all the necessary findings to support its judgment.  
Holt Atherton Indus., Inc. v. Heine
, 835 S.W.2d 80, 83 (Tex. 1992).  The trial court judgment will be affirmed if it can be upheld on any basis.  
Point Lookout West, Inc. v. Whorton
, 742 S.W.2d 277, 278 (Tex. 1987) (per curiam). 

A court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that termination is in the best interest of the child and that the parent has committed at least one of the acts listed under Section 161.001(1) of the Texas Family Code.  
See
 Section 161.001.  In this case, the trial court found by clear and convincing evidence that termination of the parent-child relationship between appellant and the children was in the best interest of the children, and that appellant committed or omitted to take actions that were in violation of three subsections of Section 161.001(1).  Among these were findings that appellant engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the children.  
See
 Section 161.001(1)(E).  To “endanger” a child means to expose the child to loss or injury, or to jeopardize the child.  
Texas Dep’t of Human Servs. v. Boyd
, 727 S.W.2d 531, 533 (Tex. 1987).  A child may be endangered by conduct even though the conduct is not directed at the child, and even though the child did not suffer actual physical or emotional injury as a result of the conduct.  
Id
.   

    If the evidence shows a course of conduct which has the effect of endangering the physical or emotional well-being of the child, a finding under Section 161.001(E) is supportable.  
Id
. at 534 (citing to prior version of the statute). Imprisonment of a parent is a factor for consideration by the trial court on the issue of whether a child has been endangered by a parent’s actions.  
Id
.  If the imprisonment of the parent displays a voluntary, deliberate and conscious course of conduct, the imprisonment will support a finding that the emotional well-being of the child is endangered by the imprisonment.  
In the Interest of J.N.R.
, 982 S.W.2d 137, 142 (Tex.App.–Houston [1
st
 Dist.] 1998, no pet.)

ANALYSIS  

We will address appellant’s issues in the order presented by appellant’s brief.  If we overrule any one of appellant’s first three issues, we need not address the remainder of those three issues.  A finding that appellant engaged in any of the activities or omissions proscribed by Section 161.001(1) will suffice to support the trial court judgment, if appellant’s fourth issue challenging whether termination is in best interest of the children is also overruled. Because we find the evidence sufficient to sustain the trial court’s affirmative findings as to conduct described by Section 161.001(1)(E), we first address appellant’s second issue. 

By her issue number two, appellant admits that the evidence might support a finding that she is unable to provide a suitable environment to be primary custodian of the children.  She disputes, however, that the evidence is sufficient to support a finding that her conduct endangered the physical or emotional well-being of the children to the extent necessary to terminate her parental rights.  She discounts her failure to visit the children very often as a sufficient basis to justify termination of her status as the childrens’ mother. 

Appellee, on the other hand, maintains that the trial court’s finding that appellant’s conduct endangered the children is supported by sufficient evidence.  Appellee points to evidence that appellant left the children alone in a van for three days, maintained a lifestyle of illegal drug usage, lived in a “homeless” status on the streets and in parks, and only very intermittently visited with the children after the Department became the childrens’ temporary managing conservator.  In addition to the direct effect of such evidence, appellee references opinion evidence by trained counselors that those activities by appellant would endanger the children.  

We have briefly outlined some of the trial evidence as to appellant’s conduct, above.  Appellant testified at the termination hearing in August, 1999.  In addition to, or explication of, the evidence noted above, appellant testified that in December, 1994, when she left her children, she was using crack cocaine daily.  She had subsequently been in jail for burglary of a habitation, public intoxication, and prostitution.  She had completed five to seven courses of treatment for her alcohol and drug addictions, but persistently relapsed and renewed her substance abuse patterns following discharge from treatment.  She did not have a home at the time of the hearing.  She did not have a job, although she was not disabled from working.  When the termination hearing was over she was going to turn herself in to the authorities to answer to an outstanding arrest warrant on an application to revoke her probation.  She forthrightly recognized that although she maintained that she loved her children, her actions did not show that love.  She considered herself and her conduct to be “my own worst enemy.”  

Witnesses described the behavior and conduct of the children, both at the time when they were first taken into custody by the Department, and at the time of the termination hearing in August, 1999.  The difference was described as a marked change for the better.  Also, the childrens’ mental states and their conduct toward others seemed to deteriorate after they visited with appellant, even for the short periods of time scheduled, and even though the visits were few and far between.      

The trial judge had been involved in the case for a long period of time.  The record reflects multiple filings and proceedings during the time the Department was involved with appellant and the children.  Without objection, the trial judge took judicial notice of all prior proceedings and testimony in those proceedings. 

The evidence, only part of which is set out, when viewed in the light most favorable to the trial court’s findings, is legally sufficient to support the finding that appellant’s course of conduct was such that it endangered the emotional well-being of the children.  
Leitch
, 935 S.W.2d at 118.  After considering all the evidence, we further conclude that the findings are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust on the issue of appellant’s engaging in conduct endangering the children’s emotional well-being.   
Cain
, 709 S.W.2d at 176.  Appellant’s second issue is overruled.  Having concluded that the evidence was legally and factually sufficient to support the trial court’s findings under Section 161.001(1)(E), we need not and do not address appellant’s issues one and three.  
Tex. R. App. P
. 47.1.

By her fourth issue, appellant posits that the trial court could not have reasonably found by clear and convincing evidence that it was in the best interest of the children to terminate appellant’s parental rights.  She again admits that the evidence mandates that she not be allowed primary custody of the children, but that it is not sufficient to warrant termination of her parental relationship with the children.  In support of her position she references 
In the Interest of C.D.
, 664 S.W.2d 851, 854 (Tex.App.--Fort Worth 1984, no writ).  She also refers to seven of the nine non-exclusive factors discussed by the Texas Supreme Court in 
Holley v. Adams
, 544 S.W.2d 367, 371-72 (Tex. 1976), as considerations bearing on the issue of whether termination of parental rights is in the best interest of a child.  She then recites evidence from the record that would support a finding that termination of her parental rights would not be in the best interest of the children. 

Appellee also cites 
Holley
 as authority, but lists all nine of the non-exclusive factors listed therein.  Appellee references the record for expert opinion evidence supporting the trial court’s finding that it is in the best interest of the children that appellant’s parental rights be terminated.  

The continued erratic course of conduct and conscious lifestyle choice of appellant supports the trial court’s finding that termination was in the best interest of the children.  The only excuse appellant offered for her course of conduct was her lack of self esteem and  weakness for her addictions.  Additionally, the children had expressed to many of the counselors and caretakers that they wished to be adopted and have stable homes.  The emotional and physical needs of the children were being met by the group and foster homes where they were living, and the structured environments there.  The group and foster home environments had resulted in considerable improvement in the conduct and emotional well-being of the children.  No evidence was introduced to raise an inference that such improvements would not continue in the future if the children stayed in the homes and programs.   

As to appellant’s fourth issue, then, when we view the evidence in the light most favorable to the trial court’s findings, we conclude that it is legally sufficient to support the trial court’s finding that termination of appellant’s parental rights was in the best interest of the children.  
Leitch
, 935 S.W.2d at 118.  Considering all the evidence, we further conclude that the finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust.  
Cain
, 709 S.W.2d at 176.  Appellant’s fourth issue is overruled.  

CONCLUSION

Having overruled appellant’s second issue, which pretermits our consideration of her first and third issues, and having overruled her fourth issue, we conclude that the appeal presents no reversible error.  Accordingly, the judgment of the trial court is affirmed.  
Tex. R. App. P
. 43. 2(a). 

Phil Johnson

Do not publish.    Justice

FOOTNOTES
1:
Further reference to the Family Code will be by reference to “Section_.”

2:
Appellant testified at the 1999 termination hearing that Alfonso’s last name was Carmona.  Appellant named Alfonso as the father of Emilio. 

3:
Appellant does not specify whether she challenges the legal sufficiency, factual sufficiency, or both legal and factual sufficiency of the evidence.  Her arguments imply the challenges to be factual insufficiency issues.  We will address both legal and factual sufficiency standards.  
See
 
Tex. R. App. P.
 38.1(e).   

4:
See
 
Section 161.001(1)(D).

5:
See
 
Section 161.001(1)(E).

6:
See
 
Section 161.001(1)(F).

7:
See
 
Section 161.001(2).