# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00372-CV

**Tae Hollenbeck, Appellant**

**v.**

**Extra Space Properties Two, LLC, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY
### NO. 23CCV00636, THE HONORABLE PAUL A. MOTZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Tae Hollenbeck appeals the trial court's judgment awarding possession of his rented storage unit, $16,198.52 in back rent, and $1,200 in attorney's fees to Extra Space Properties Two, LLC (ESP). He raises many issues. We will affirm the judgment.

## BACKGROUND

Hollenbeck rented a unit in a storage facility in Bell County, Texas, that was later purchased by ESP. Hollenbeck is a veteran and has health issues. He previously fell behind on his rent and ESP worked with him to regain good standing. However, his last rent payment that was accepted was made in March 2019.

Hollenbeck filed a suit in Travis County justice court against Extra Space Storage, Inc.,[1] and obtained an Order to Stay Proceedings that provides in relevant part "that all actions, including the auctioning of Plaintiff's property, by the Defendant shall be stayed pending litigation in this Court.  IT IS THEREFORE ORDERED ADJUDGED, AND DECREED that all actions against the Plaintiff by the Defendant shall be stayed pending litigation in this Court." *Hollenbeck v. Extra Space Storage, Inc.*, No. J1-CV-19-004822 (Justice of Peace, Precinct No. 1, Travis County, Tex., Nov. 28, 2019) (Order to Stay Proceedings).   The order was signed on November 28, 2019, and extended on November 22, 2022.  *Id.* (Order Extending Stay of Proceedings).  No other documents, such as a petition, from that lawsuit are included in the record here.

ESP filed this suit in Bell County justice court seeking to evict Hollenbeck from the storage facility and to collect back rent.  Hollenbeck moved to dismiss the suit based on the Travis County justice court's stay order.  The justice court declined to dismiss and awarded judgment to ESP.

Hollenbeck appealed and received a trial de novo on June 14, 2023, in the Bell County Court at Law.  ESP adduced testimony and evidence that Hollenbeck's last rent payment accepted was in March 2019.  The facility's manager acknowledged receiving other checks but stated that, because the checks were not for the amount owed including late fees, he and his employees returned the checks to Hollenbeck consistent with ESP policy.   Hollenbeck complained that ESP had not provided him with notice of the eviction at his current address, but the manager testified that notice was sent to Hollenbeck's last known address on file and to his

---

[1] It is not clear from the record why the lawsuit seeking the stay was filed in Travis County, Texas.

driver's license address. Hollenbeck asserted that he did not have a Texas driver's license and that ESP knew his current address and his email address from other communications but chose not to use it. The manager testified that ESP had many addresses for Hollenbeck and that Hollenbeck had refused to follow ESP processes for confirming his most recent address.

Hollenbeck testified about a history of disagreements with ESP. He contended that ESP had previously lost or damaged some of his stored items and offered to settle his complaints; he asserted that his damages were greater than the settlement offer. He contended that ESP was harassing him because of his medical issues and taking advantage of disabled and elderly people. He said he sent checks as he always had but that ESP stopped taking them. He asserted that they stopped taking his checks because of the Travis County justice court's stay order. He contended that this eviction suit was an attempt to circumvent the stay order in the Travis County suit.

## DISCUSSION

Hollenbeck raises several issues on appeal, some of which were not raised at the county court at law. Generally, issues that are not first presented to the trial court by timely request, objection or motion are not preserved for our review. *See* Tex. R. App. P. 33.1(a). The request must state the ground for ruling that the complaining party seeks from the trial court with sufficient specificity to make the trial court aware of the complaint. *Id.*

**Many appellate issues were waived at the trial court.**

We find no pleading at the trial court of Hollenbeck's appellate issues concerning statute of limitations under the Fair Debt Collection Practices Act, dominant jurisdiction and claims preclusion, deprivation of property without due process, the Americans with Disabilities

3

Act, or malicious eviction to harm him in retaliation for his lawsuit and refusal to settle. Those issues are waived. *See id.*; *Krabbe v. Anadarko Petroleum Corp.*, 46 S.W.3d 308, 320-21 (Tex. App.—Amarillo 2001, pet. denied) ("Appellants did not, however, urge at the trial court level that . . . the suit was in essence a suit for title rather than being properly a declaratory judgment action . . . . Appellants did not preserve error[.]").

Hollenbeck complains that this action was stayed by the Travis County justice court's order staying "all actions" and should have been dismissed. However, we find no motion to dismiss filed in the county court at law. We conclude that Hollenbeck failed to preserve this assertion by presenting it to the county court at law. Even if he had preserved the issue, Hollenbeck failed to show that the stay applies to this suit. ESP argues that the stay was issued by a Travis County court that had no power to prevent it from filing an eviction suit that had to be filed where the premises are located—Bell County. *See* Tex. R. Civ. P. 510.3(b). But there is a more fundamental problem. The Travis County justice court's order bars all actions by "Extra Space Properties, Inc." but the plaintiff/appellee in this case is "Extra Space Properties Two, LLC." There is no evidence in the record that the entity in this case is the same as the entity whose actions were stayed by the Travis County justice court. Accordingly, we could not reverse for the failure to stay this suit even if the issue were preserved for our review. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 798 (Tex. 2002) ("party seeking to ascribe one corporation's actions to another by disregarding their distinct corporate entities must prove this allegation").

Hollenbeck also argues for the first time on appeal that his Travis County lawsuit and this Bell County eviction suit are inextricably intertwined, that they should be tried together, and that he should not be deprived of a remedy, citing New York state cases. In addition to the

4

absence of a motion to dismiss or transfer, we find no Texas authority holding that the resolution of this lawsuit will deprive him of his remedies he seeks in the Travis County suit. By rule in an eviction case, "[t]he petition must be filed in the precinct where the premises is located. If it is filed elsewhere, the judge must dismiss the case." Tex. R. Civ. P. 510.3(b). Hollenbeck's appellate argument concerning the intertwinement of this case with others does not present a basis for reversal in this appeal.

**Sufficient evidence supports the judgment.**

We will consider Hollenbeck's remaining claim that ESP created a late-rent and rent-concealment scheme to benefit financially and other arguments on appeal as a challenge to the sufficiency of the evidence to support the judgment.

Because the trial court was not requested to and did not make findings of fact and conclusions of law in support of its judgment, we may infer that the trial court made all findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *see also BMC*, 83 S.W.3d at 795. Any implied finding must be consistent with the judgment. *Anderson Mill Mun. Util. Dist. v. Robbins*, No. 03–04–00369–CV, 2005 WL 2170355, at *6 (Tex. App.—Austin, Sept. 8, 2005, no pet.) (mem. op.). We presume, therefore, that the trial court found all issues of fact in support of the judgment, and we must affirm if the judgment can be upheld on any legal basis supported by the pleadings and the evidence. *See Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987); *see also Worford*, 801 S.W.2d at 109. Because the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency. *See BMC*, 83 S.W.3d at 795; *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). Hollenbeck must show that the

judgment of the trial court was not supported by any legal theory raised by the evidence. *See Whorton*, 742 S.W.2d at 278.

In conducting a legal-sufficiency review, we consider the evidence in the light most favorable to the challenged findings, indulge every reasonable inference that supports them if a reasonable fact finder could, and disregard contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005); *University Gen. Hosp., L.P. v. Prexus Health Consultants, LLC*, 403 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *University Gen.*, 403 S.W.3d at 551. When a party attacks the legal sufficiency of an adverse finding on an issue on which it had the burden of proof, it must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). When a party challenges the legal sufficiency of the evidence on a finding on which it did not bear the burden of proof, the party must show that no evidence supports the finding. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011).

When a party attacks the factual sufficiency of the evidence to support an adverse finding on which it had the burden of proof, it must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence and that the verdict is clearly wrong, unjust, or manifestly erroneous. *Dow Chem.*, 46 S.W.3d at 242; *Nelson v. Najm*, 127 S.W.3d 170, 174 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). We examine the entire record, considering both the evidence in favor of and contrary to the challenged findings. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We consider and weigh all the evidence in a neutral light, and

6

we can set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Ellis*, 971 S.W.2d at 407; *Cain*, 709 S.W.2d at 176. When a party challenges the factual sufficiency of evidence supporting an adverse fact finding for which it did not bear the burden of proof at trial, it must show that the evidence as a whole is so weak as to make the finding clearly wrong and manifestly unjust. *In re Marriage of Thrash*, 605 S.W.3d 224, 230 (Tex. App.—San Antonio 2020, pet. denied).

The trial court as the factfinder in a bench trial is the sole judge of the witnesses' credibility. *See Nelson*, 127 S.W.3d at 174. We may not pass on the credibility of the witnesses or substitute our judgment for that of the factfinder. *George Joseph Assets, LLC v. Chenevert*, 557 S.W.3d 755, 765 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). The judge may consider all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Nelson*, 127 S.W.3d at 174. When, as here, the trial court does not enter findings of fact and conclusions of law after a bench trial, we may uphold the judgment on any legal theory supported by the pleadings and evidence. *Id.*

This is a forcible detainer lawsuit. *See* Tex. Prop. Code §§ 24.002-.011. The focus of a forcible-detainer action is the right to immediate possession of real property. To establish a superior right to immediate possession, ESP had the burden to prove that (1) ESP owns the property, (2) Hollenbeck is either a tenant at will, tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the tenant's right of possession, (3) ESP gave proper notice to Hollenbeck to vacate the premises, and (4) Hollenbeck refused to vacate the premises. *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). There is no dispute that ESP is the owner and that Hollenbeck refuses to vacate the premises.

ESP alleged that Hollenbeck had not made required rent payments even after receiving notice to pay or vacate the premises. The court admitted into evidence the rental agreement that required payments of $325 per month plus a late fee, the ledger showing Hollenbeck's back rent due, Hollenbeck's driver's license address, and the eviction notice. The rental agreement provides for a monthly rent, a late charge if the rent is not paid after the tenth day of the month, and an additional late charge if rent is not received by the thirtieth day of the month. The rental agreement provides that the tenant is in default if a rent payment is late. It further provides that, if a tenant is in default, ESP can terminate Hollenbeck's right of possession by giving him three days' written notice to vacate. The rental agreement requires that Hollenbeck notify ESP of any change in his contact information and states that contact information changes are not effective unless provided in writing, dated, and signed by the tenant. ESP's manager testified that Hollenbeck had not paid rent since March 2019. The manager testified, "If we received checks that are not for the correct amount, those checks are not processed and they are returned to the customer." He also testified, "The checks that you had sent were arriving on—they were arriving past the due date, past the late date, they were for inaccurate amounts." The manager testified that ESP sent the notice to the last address on file for Hollenbeck as well as his driver's license address. The notice, sent March 23, 2023, told Hollenbeck that he had not paid any portion of rent for numerous months, that the failure to pay was a default under the lease agreement, and that he had three days to vacate the space; the letter gave him seven days to vacate the unit before ESP would file suit. ESP filed suit on May 24, 2023.

Hollenbeck contended that he had sent checks since March 2019, but he did not offer any checks or other attempted transactions into evidence. He did not testify or present evidence that he had inquired as to the correct amount, submitted a check of that amount, and

8

had the check for the correct amount rejected. Hollenbeck contended that ESP had additional, more current addresses and an email address that had been used in other communications and the Travis County lawsuit, but he did not offer any evidence to contradict the manager's testimony that he had not updated his contact information as required by the lease. Hollenbeck did not produce a letter, email, or written form showing he had notified ESP of his current address and that his current address differed from the addresses ESP used in its notice.

With regard to the back rent award, ESP supplied its ledger and the manager's testimony that it accurately showed the amount of unpaid rent as $16,198.52. While Hollenbeck contended that he had sent checks that were rejected, he did not dispute the amount of rent that remained unpaid.

ESP's attorney's testimony that he had incurred $1,200 in attorney's fees stands unchallenged. Hollenbeck asserted that ESP's attorney had said in the justice court that he was not seeking attorney's fees, but ESP requested attorney's fees in its petition, and the proceeding in the county court at law was a de novo hearing.

Applying the relevant standards, we conclude that the record contains legally and factually sufficient evidence to support the judgment of the county court at law.

## CONCLUSION

We overrule Hollenbeck's issues on appeal and affirm the judgment.

_____

Darlene Byrne, Chief Justice

9

Before Chief Justice Byrne, Justices Smith and Theofanis

Affirmed

Filed:   August 28, 2024