# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00051-CV

---

**Michael L. Bird, Appellant**

**v.**

**Angelique D. Ledesma, Appellee**

---

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 306462, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Michael Bird, proceeding *pro se*, appeals the judgment ordering that he take nothing by his claim under Family Code section 154.012 for alleged child-support payments made by him to appellee Angelique Ledesma that exceeded the amount of support ordered. Because the record supports a finding against Bird on one of the elements of his statutory claim—specifically, that he was "not in arrears," *see* Tex. Fam. Code § 154.012(a)—we affirm.

## BACKGROUND

Bird's suit here involves child-support payments concerning A.B., his daughter with Ledesma.[1] Bird and Ledesma were divorced over 17 years ago, and their divorce decree

---

[1] A.B. is now no longer a minor.

provided that he had to pay her $500 a month in child support beginning in January 2007. There is no dispute that Bird did not pay this child-support obligation.

From 2016 through September 1, 2022, Bird and Ledesma were parties to a suit to modify the parent–child relationship involving A.B., with each party petitioning for affirmative modification relief. The suit began in Houston County but was transferred to Bell County. The Houston County trial court issued temporary orders that, among other things, required Bird to pay Ledesma $800 a month in child support. After the transfer, Bird petitioned for mandamus relief in this Court, and as a result of our conditional grant of partial mandamus relief, Bird was not obligated to pay the $800-a-month amount. *See In re Bird*, No. 03-20-00222-CV, 2020 WL 7063583, at *4 (Tex. App.—Austin Dec. 3, 2020, orig. proceeding [mand. denied]) (mem. op.). Although the parties' pleadings in the modification suit are not in the record before us for this appeal, the September 1, 2022 final order in the modification suit (the Modification Order) is in our record. The Modification Order resolved the parties' petition and counterpetition and included rulings concerning child support. At a hearing in the modification suit, and confirmed by the Modification Order, the trial court ordered that Bird's child-support obligation under the parties' divorce decree ceased as of March 2017, when Bird filed his counterpetition to modify.

In 2023, and after A.B. reached the age of majority, Bird filed this suit, seeking a return of child-support payments that he allegedly made in excess of the amount of support that he had been ordered to pay. Ledesma answered and pleaded that any claim of Bird's of excess payments was subject to offsets. The offsets, Ledesma argued, arose from Bird's failure to pay $500 a month as ordered by the parties' divorce decree and from Bird's failure to pay child support that had been ordered in the temporary orders in the modification suit but that had been vacated

2

because of our decision in *In re Bird*.  After a final trial on the merits, the trial court ordered that all parties take nothing by this suit.  Bird now appeals that final judgment.

## APPLICABLE LAW AND STANDARD OF REVIEW

Bird's claim arises under Family Code section 154.012.  The version of the statute that applies in this suit stated:

> (a) If an obligor is not in arrears and the obligor's child support obligation has terminated, the obligee shall return to the obligor a child support payment made by the obligor that exceeds the amount of support ordered, regardless of whether the payment was made before, on, or after the date the child support obligation terminated.

> (b) An obligor may file a suit to recover a child support payment under Subsection (a).  If the court finds that the obligee failed to return a child support payment under Subsection (a), the court shall order the obligee to pay to the obligor attorney's fees and all court costs in addition to the amount of support paid after the date the child support order terminated.  For good cause shown, the court may waive the requirement that the obligee pay attorney's fees and costs if the court states the reasons supporting that finding.

*See* Act of May 24, 2001, 77th Leg., R.S., ch. 1023, § 5, sec. 154.012, 2001 Tex. Gen. Laws 2240, 2241 (amended 2025).

When, as here, final trial is to the bench and the trial court does not issue separately filed findings of fact and conclusions of law, the trial court's judgment will be upheld on any legal theory supported by the record.  *See Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 279 (Tex. 1987) (per curiam); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978).  It is the appellant's burden to show that the trial court's judgment was not supported by any legal theory raised by the evidence, and all facts are to be deemed found against the appellant and in support of the portion of the judgment from which the appellant is appealing.  *Point Lookout W.*, 742 S.W.2d at 279.

**DISCUSSION**

Bird puts forward two appellate issues for reversing the trial court's judgment that he take nothing on his Section 154.012 claim. In the first issue, he contends that he proved his claim, which we consider to be a legal-sufficiency issue. In the second, he contends that elements of the claim were decided against Ledesma in the earlier Modification Order. He accepts that as the plaintiff bringing a Section 154.012 claim, he bore the burden to plead and prove all elements of the claim. *See, e.g.*, *State v. Harrington*, 407 S.W.2d 467, 478 (Tex. 1966) (interpreting statute to decide what elements plaintiff must prove to be entitled to recovery under same statute); *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 571 (Tex. App.—Dallas 1989, no writ) (plaintiff's burden to plead and prove all elements of plaintiff's claim).

One of the elements of his claim was that he was "not in arrears": "If an obligor is not in arrears and the obligor's child support obligation has terminated, the obligee shall return to the obligor a child support payment made by the obligor that exceeds the amount of support ordered." Tex. Fam. Code § 154.012(a); *see Sheppard v. Shellman*, No. 03-21-00116-CV, 2021 WL 5814295, at *3–4 (Tex. App.—Austin Dec. 8, 2021, no pet.) (mem. op.). When an appellant challenges the legal sufficiency of the evidence to support a finding on which the appellant bore the burden of proof, the appellant must show that the evidence established as a matter of law all vital facts in support of the issue. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). We "must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary." *Id.* "If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law." *Id.* The appellant prevails "only if the contrary proposition is conclusively established." *Id.* For legal sufficiency, we consider all the evidence

4

in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor and disregarding contrary evidence unless a reasonable factfinder could not disregard it. *See Godfrey v. Godfrey*, No. 03-07-00220-CV, 2008 WL 3166328, at *1 (Tex. App.—Austin Aug. 8, 2008, no pet.) (mem. op.). "[L]ooking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

According to the record here, Ledesma argued in the trial court that Bird had failed to pay $63,100.00 in ordered child support. This amount, Ledesma argued, arose from the period following the parties' divorce decree and preceding Bird's filing of his counterpetition to modify in 2017. She argued that he owed $500 a month under the parties' divorce decree for January 2007 through July 2016, inclusively, and $800 a month under the temporary orders entered in the modification suit while it was pending for August 2016 through February 2017, inclusively. Subtracting the amounts attributable to the temporary orders' $800-a-month obligation from the total arrearage amount that Ledesma asserted yields $57,500—an amount greater than the $38,433.69 that Bird sought by his Section 154.012 claim.

Both in the trial court and on appeal, Bird has argued that he never owed anything under the divorce decree's $500-a-month obligation because he and Ledesma jointly requested that the obligation be terminated "in compliance with East Texas court procedures, without necessitating a formal order due to the uncontested nature of their agreement." As support for this argument, he points to a document that he and Ledesma signed, titled, "Request for Termination or Modification of Child Support Withholding, F[amily ]C[ode] 158.402,403." (All-capitalization removed.) He does not point to any other evidence, and nothing in the record suggests that the

parties' divorce decree was ever modified by a court to delete the $500-a-month obligation until the trial court ended his child-support obligation as of March 2017.[2]

We conclude that for the element of his Section 154.012 claim that he was "not in arrears," some evidence supports the finding that Bird was in arrears and that he did not "establish[] as a matter of law" that he was not in arrears. *See Dow Chem.*, 46 S.W.3d at 241 (appellant's legal-sufficiency burden). The trial court reasonably could have discounted Bird's argument that the $500-a-month obligation had been terminated—Bird adduced no evidence of any court order ending that support obligation until the trial court here ended it as of March 2017, and the "Request for Termination or Modification of Child Support Withholding" document, which invokes Family Code sections 158.402 and 158.403, concerns only income-withholding orders and not terminating court-ordered child-support obligations. Indeed, Section 158.402 itself provides that "[a]n agreement by the parties under this section does not modify the terms of a support order." Tex. Fam. Code § 158.402(d). Therefore, the $500-a-month support obligation from the parties' divorce decree was not terminated until March 2017 at the earliest, and some evidence before the trial court supported a finding that Bird was in arrears for not having paid that obligation from 2007 through February 2017. Because Bird owed that obligation and because it is undisputed that

---

[2] Bird asserts in his brief, "Despite the unconventional nature of not issuing a formal order due to the request being unopposed, this decision [to delete the divorce decree's $500-a-month obligation] was honored by the East Texas court and the local Child Support office." But he provides no support for this assertion, and no evidence from the final trial on his Section 154.012 claim supports this assertion. In fact, when at the final trial the court asked Bird whether any court had ever suspended or modified the $500-a-month support obligation to zero, Bird responded only, "That's not how they do it in Houston County, Your Honor."

he did not pay it, the evidence was legally sufficient for the trial court to find that Bird was indeed in arrears and thus not entitled to relief under Section 154.012.[3]

Bird's second appellate issue also is unavailing. In it, he contends that the earlier Modification Order decided several of the elements of his Section 154.012 claim in his favor. Regarding the "not in arrears" element, he argues that the Modification Order "resolv[ed] any outstanding arrears" because it "exonerated both Mr. Bird and Mrs. Ledesma from their respective child support responsibilities." The language of the Modification Order that Bird relies on is: "IT IS ORDERED that no child support is owed by either party to the other party as of the date of this order. IT IS FURTHER ORDERED that no current child support is ordered going forward, at this time." Bird is attempting an offensive use of collateral estoppel on the "not in arrears" element.

Collateral estoppel may be used either offensively or defensively, and its offensive use "seeks to stop a defendant from relitigating an issue that the defendant has previously litigated and lost." *See Logan v. McDaniel*, 21 S.W.3d 683, 687 (Tex. App.—Austin 2000, pet. denied). Because offensive use does not necessarily advance the policies supporting the doctrine's defensive use, a trial court has discretion to deny a proposed offensive use even when a party has otherwise proven collateral estoppel's elements. *See Brown v. Freed*, No. 03-21-00556-CV, 2023 WL 9007331, at *5 (Tex. App.—Austin Dec. 29, 2023, pet. denied) (mem. op.); *Lakecroft, Ltd. v. Adams*, No. 03-14-00428-CV, 2014 WL 7466778, at *3 (Tex. App.—Austin Dec. 18, 2014, pet. denied) (mem. op.). In exercising its discretion, the trial court should apply the factors

---

[3] The inclusion in the record of purported printouts from the Attorney General's child-support website does not change our conclusion that there was some evidence to support the trial court's finding against Bird on the "not in arrears" element of his claim. *See In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002) ("[L]ooking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so.").

identified in *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). *See Brown*, 2023 WL 9007331, at \*5; *Lakecroft*, 2014 WL 7466778, at \*3. A trial court abuses its discretion in refusing an offensive use of collateral estoppel only when its action is arbitrary and unreasonable, without reference to guiding rules or principles. *Richard v. Ayala*, No. 01-14-00354-CV, 2015 WL 6931497, at \*5 (Tex. App.—Houston [1st Dist.] Nov. 10, 2015, no pet.) (mem. op.); *see Tankersley v. Durish*, 855 S.W.2d 241, 245 (Tex. App.—Austin 1993, writ denied).

A recognized exception to the offensive use of collateral estoppel is when the relevant burden from the first proceeding has shifted in the second proceeding against the party invoking offensive collateral estoppel. *See* Restatement (Second) of Judgments § 28(4) (Am. L. Inst. 1982); *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 802 (Tex. 1994) (referencing this exception), *aff'g*, 850 S.W.2d 529, 536–37 (Tex. App.—Corpus Christi–Edinburg 1992) ("Issue preclusion does not apply if the burden of proof in the second proceeding is higher, or shifted, against the party asserting the bar." (citing Section 28(4))); *see also Samson Expl., LLC v. Bordages*, 694 S.W.3d 195, 201 & n.17 (Tex. 2024) (Texas courts look to Restatement (Second) of Judgments when interpreting law of collateral estoppel). Generally, when one of the Restatement's exceptions to the offensive use of collateral estoppel applies, a trial court is within its discretion to deny the doctrine's use. *See Samson Expl.*, 694 S.W.3d at 201 & n.17.

One of the Restatement's illustrations resembles this case:

> A brings an action against B for injuries incurred in an automobile accident involving cars driven by A and B. Under the governing law, A has the burden of proving his freedom from contributory negligence. Verdict and judgment are given for B on the basis that A has not sustained that burden. In a subsequent action by B against A for injuries incurred in the same accident, the issue of A's negligence (on which B now has the burden of persuasion) is not concluded by the first judgment.

8

Restatement (Second) of Judgments § 28, cmt. f, illus. 10 (Am. L. Inst. 1982). Like in this illustration's example of the issue of A's negligence, Bird contends here that the issue of whether he was in arrears was tried in the modification suit because Ledesma in that suit sought recovery of the unpaid $500-a-month obligation. Nothing in our record proves that Ledesma pleaded for that relief in the modification suit.[4] But even if she had pleaded for that relief, the issue of Bird's arrearage in this suit was his burden to disprove while he would not have had the burden on the issue in the modification suit, under his argument here. Nothing in Bird's appellate brief addresses the *Parklane Hosiery* factors concerning offensive use of collateral estoppel, this shifted-burden exception to the doctrine's offensive use, or any other of the recognized exceptions. Because this recognized exception applies and because Bird has not addressed any of the requirements of offensive collateral estoppel in his briefing, we overrule his second issue.

## CONCLUSION

We affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Crump

Affirmed

Filed: November 5, 2025

---

[4] Portions of the record run counter to Bird's representation—in the final hearing before the trial court on his Section 154.012 claim, Bird told the trial court that in the modification suit, Ledesma had "made no official demand claiming that [Bird] was in arrears relating to the original divorce decree" and that Ledesma and the trial court had "never asked for [Bird] to be held in arrears for the original orders," that is, for the divorce decree's child-support order.